# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARTFORD CASUALTY INSURANCE COMPANY** | : CIVIL ACTION NO. 1:10-CV-1875 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **ACC MEAT COMPANY, LLC, and ACC MEAT COMPANY, INC.,** | : |
| Defendants | : |

## MEMORANDUM

Presently before the court is the motion (Doc. 11) filed by defendants ACC Meat Company, LLC, and ACC Meat Company, Inc. (hereinafter "ACC") to join a third party, Christian-Baker Company ("Christian-Baker"), pursuant to Federal Rule of Civil Procedure 14(a). Plaintiff, Hartford Casualty Insurance Company ("Hartford"), filed a brief in opposition (Doc. 13) to the motion to join, and ACC filed a reply (Doc. 14) thereto. For the reasons that follow, the court will grant the motion (Doc. 11).

## I. Background

This matter comes before the court as a declaratory judgment action. Plaintiff Hartford seeks to establish the parties' respective rights and obligations concerning defense and indemnity under a contract of insurance as a consequence of a pending civil suit.[1] ACC alleges that Hartford and/or Christian-Baker, the proposed third party and an alleged authorized agent of Hartford, are liable to ACC, should ACC be adjudged liable in that underlying civil suit. (See Doc. 11 ¶¶ 7-9).

---

[1] The underlying civil suit, Gonzalez v. Pneumatic Scale Corporation, No. 1:09-CV-1455, a products liability action, is pending before this court.

Specifically, ACC avers that ACC requested insurance coverage from Christian-Baker prior to the date of loss in the underlying civil suit. ACC claims that an agent of Christian-Baker visited ACC's facility and was specifically advised that ACC desired coverage prior to the accident. (Doc. 11 ¶¶ 7-8; Doc. 4 ¶¶ 23-24). ACC contends that Christian-Baker and/or Hartford failed to issue a written policy of insurance as requested. (Doc. 11 ¶ 9; Doc. 4 ¶ 25).

In their answer (Doc. 4) to the complaint in the above-captioned matter, ACC raises, as an affirmative defense, the failure of Hartford to join Christian-Baker, an alleged indispensable party. (Doc. 4 ¶ 22; see also Doc. 11 ¶ 6). ACC now seeks to join Christian-Baker as a third-party defendant. Hartford opposes the motion to join. Hartford argues that Christian-Baker cannot be liable to ACC in this declaratory judgment action because ACC's claim is negligence-based and, therefore, unrelated to the insurance coverage question at issue in the instant matter. (Doc. 13, at 4-5).

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 14(a), a defending party may join a nonparty "who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. (14(a).[2] The decision to permit joinder rests with the sound discretion of the trial court. See Morris v. Lenihan, 192 F.R.D. 484, 487 n.3 (E.D. Pa. 2000); Judd v. General Motors Corp., 65 F.R.D. 612, 615 (M.D. Pa. 1974). A third-party plaintiff may only use Rule 14(a) to implead a third-party defendant who is, or may be, liable

---

[2] The defending party must obtain leave of court if joinder is sought more than fourteen (14) days after serving its original answer. See FED. R. CIV. P. 14(a).

2

to the third-party plaintiff derivatively or secondarily. See Naramanian v. Greyhound Lines, Inc., Civ. A. No. 07-CV-4757, 2010 WL 4628096, at *2 (E.D. Pa. Nov. 15, 2010) (citing FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994)). Joinder is unavailable when a defendant seeks to join a third party who is or may be liable only to the plaintiff. Id.

Once the court is satisfied that the prerequisites of Rule 14(a) have been met, motions for joinder should be freely granted to effectuate the purpose of the impleader rules. See id. Joinder under Rule 14(a) is meant to avoid circularity of action and eliminate duplication of suits. See Judd, 65 F.R.D. at 615; see also Monarch Life Ins. Co. v. Donahue, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989) (stating that the aim of Rule 14 is to "accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits") (internal citations and quotations omitted); 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE 3d § 1443 (2004). In accordance with this broad purpose, Rule 14(a) has been liberally interpreted to allow the joinder of third-party claims despite allegations of different causes of action or different theories of liability from the original complaint. See Judd, 65 F.R.D. at 614; Monarch Life, 702 F. Supp. at 1198. The factors the court should consider include the timeliness of the motion, and whether joinder would introduce an unrelated controversy, unduly complicate the case, or prejudice the plaintiff. See Judd, 65 F.R.D. at 615.

Hartford argues that joinder is improper because Christian-Baker cannot be liable to ACC in an insurance coverage claim which addresses the four corners of an

3

insurance policy. Hartford avers that ACC's claim against Christian-Baker is negligence-based and that Christian-Baker cannot be liable for contractual insurance coverage. (See Doc. 13, at 4-5 & n.2). As noted, Rule 14(a) has been liberally interpreted to allow third-party claims alleging different causes of action or different theories of liability from that alleged in the original complaint. See Judd, 65 F.R.D. at 614. Specifically, courts have permitted joinder of a middle-man or insurance broker as a third-party defendant in declaratory judgment actions by insurance companies seeking a declaration of non-coverage or seeking the voiding of an insurance policy. See Monarch Life Ins. Co. v. Donahue, 702 F. Supp. 1195 (E.D. Pa. 1989); Britamco Underwriters, Inc. v. B&D Milmont Inn, Inc., No. Civ. A. 95-CV-6039, 1996 WL 445355 (E.D. Pa. Aug. 6, 1996); see also United of Omaha Life Ins. Co. v. Reed, 649 F. Supp. 837, 841 (D. Kan. 1986); Old Republic Ins. Co. v. Comcast, Inc., 99 F.R.D. 566 (S.D.N.Y. 1983). But see U.S. Fire Ins. Co. V. Reading Mun. Airport Auth., 130 F.R.D. 38, 39 (E.D. Pa. 1990) (insured not entitled to join insurance agent on grounds of negligence in procuring insurance contract and breach of contract in insurer's action for declaratory judgment because, if insurer prevailed in declaratory judgment, no claim created against insured for which agent could be liable); St. Paul Surplus Lines Ins. Co. v. Rhoads, Civ. A. No. 88-3634, 1988 WL 127655 (E.D. Pa. Nov. 28, 1988) (holding that because plaintiff sought only a declaratory judgment rescinding insurance contract, the third-party defendant could not be liable to defendants for any part of that claim and thus a separate action against third-party defendant was required).

In Britamco Underwriters, plaintiff Britamco filed a declaratory judgment action to determine its obligations under an insurance policy issued to the defendants, B&D Milmont. 1996 WL 445355, at *1. Milmont filed a third-party complaint against Watson Insurance Associates and Pennock Insurance, who assisted Milmont in obtaining the policy at issue. Id. Milmont alleged that it specifically directed the third-party defendants to secure coverage for the type of loss at issue in the underlying suit and that the third-party defendants failed to follow this directive. Id. The court, noting the liberal construction given to Rule 14, and that Milmont sought to hold the third-party defendants liable for damages it may incur if the court declared that Milmont was not covered under the Britamco policy, concluded that the third-party defendants were properly joined. Id. at *2.

Similarly, in Monarch Life, Monarch sought a declaratory judgment that a life insurance policy issued to decedent was void *ab initio*. 702 F. Supp. 1195. The defendants joined as a third-party defendant Merrill Lynch, the investment broker who allegedly helped prepare the life insurance application. The defendants claimed that if the policy was declared void, Merrill Lynch was liable to defendants on a negligence or fraud theory for the face value of the policy. Id. at 1197. The court denied Merrill Lynch's motion to dismiss the third-party complaint finding that joinder complied with Rule 14(a) requirements. Id. at 1198. The court stated that, "[t]he fact that the *relief* demanded by the Donahues from Merrill Lynch—money damages—is fundamentally different from that demanded of them by Monarch—a declaratory judgment as to the status of the insurance policy—does not . . . necessarily give rise to a violation of Rule 14(a). The Rule requires neither

5

an identity of claims nor even that the claims rest on the same legal theory." Id. at 1197.

The instant matter is akin to Britamco Underwriters and Monarch Life. ACC claims that Hartford and/or Christian Baker failed to issue a written insurance policy as requested. ACC avers that if they have no coverage under the Hartford policy, Christian-Baker may be liable to them for any damages ACC is held liable for in the underlying suit. ACC's motion for joinder is timely,[3] and the joinder of Christian-Baker will not unduly complicate the case, nor will joinder prejudice Hartford. Accordingly, the court concludes that joinder under Rule 14(a) is appropriate.

## III. Conclusion

For the foregoing reasons, the motion (Doc. 11) to join third party filed by ACC will be granted. An appropriate order follows.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

Dated:     February 2, 2011

---

[3] Pursuant to Local Rule, motions for joinder under Federal Rule 14(a) "shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur." See L.R. 14.1. In the court's scheduling order on November 22, 2010, the court did not set a trial date. (Doc. 10). ACC filed their answer (Doc. 4) to the complaint on October 4, 2010, and filed the instant motion for joinder (Doc. 11) on November 30, 2010. Hence, the motion is timely.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARTFORD CASUALTY INSURANCE COMPANY** : | **CIVIL ACTION NO. 1:10-CV-1875** |
| Plaintiff : | (Judge Conner) |
| v. : | |
| **ACC MEAT COMPANY, LLC, and ACC MEAT COMPANY, INC.,** : | |
| Defendants : | |

## ORDER

AND NOW, this 2nd day of February, 2011, upon consideration of the motion (Doc. 11) to join third party, pursuant to Federal Rule of Civil Procedure 14(a), filed by defendants ACC Meat Company, LLC, and ACC Meat Company, Inc. ("ACC"), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. ACC's motion (Doc. 11) to join third party is GRANTED.

2. ACC shall forthwith serve process upon Christian-Baker Company pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3. If necessary, a revised pretrial and trial schedule shall issue by future order of court.

                                                  S/ Christopher C. Conner
                                               CHRISTOPHER C. CONNER
                                               United States District Judge