# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARTFORD CASUALTY INSURANCE CO.,** | : |
|     Plaintiff, | : CIVIL ACTION NO. 1:10-CV-1875 |
| | : |
| | : **(Judge Conner)** |
| v. | : |
| | : |
| **ACC MEAT COMPANY, LLC,** *et al.*, | : |
|     Defendants/Third Party Plaintiffs | : |
| | : |
| v. | : |
| | : |
| **CHRISTIAN-BAKER CO.,** | : |
|     Third Party Defendant | : |

## **ORDER**

AND NOW, this 1st day of October, 2012, upon consideration of the Magistrate Judge's report (Doc. 50) recommending that plaintiff Hartford Casualty Insurance Company's ("Hartford") motion for summary judgment (Doc. 27) be granted, and defendant/third party plaintiff ACC Meat Company, LLC's ("ACC") cross-motion for summary judgment (Doc. 30) be dismissed because (1) ACC was not an unnamed subsidiary under the insurance policy Hartford provided to Brother & Sister Food Company ("B&S"), (2) ACC was not covered under the B&S insurance policy according to an indemnity agreement between ACC and B&S,[1] and (3) Hartford and third party defendant Christian Baker Company ("C-B") did

---

[1] ACC does not object to the first two sections of the Magistrate Judge's recommendation. (See Docs. 51; 52, at 6-7). The court does not find error on the face of these sections, and it therefore adopts the Magistrate Judge's reasoning on these points in its entirety. See note 4, *infra* (discussing the court's standard of review).

not have an agency relationship—whether actual, apparent, or by

estoppel—exposing Hartford to vicarious liability through C-B as its agent,[2] and

---

[2] The heart of the matter remaining for disposition concerns ACC's argument that Hartford should be liable for failing to procure insurance for ACC. (Doc. 50, at 18). In order to hold Hartford liable for negligence, ACC must show that Hartford had a direct or vicarious duty of care to ACC. (Id.); see also R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005)("The initial element in any negligence cause of action is the first: that the defendant owes a duty of care to the plaintiff."). To establish this duty, ACC argues that the knowledge of James Pace ("Pace") can be imputed on Hartford. Pace is an insurance agent for Christian-Baker Company (C-B) who sold insurance on behalf of different insurers, including Hartford. (Docs. 29 ¶ 17; 38 ¶ 17). Pace first procured insurance for B&S in 2005. (Docs. 29 ¶¶ 18-19; 38 ¶¶ 18-19). The Magistrate Judge analyzed various agency theories—actual, apparent, or by estoppel—to determine whether "C-B's knowledge can be imputed to Hartford to establish a vicarious duty owed by Hartford to ACC." (Doc. 50, at 19.) The Magistrate Judge observed that the actions of a broker in furtherance of placing insurance for his client, the insured, do not create an agency relationship between the broker and the insurer. (Id. at 21). Indeed, the Pennsylvania Supreme Court has explicitly held that:
> [w]here a person desiring to have his property insured applies not to any particular company or its known agent, but to an insurance broker, permitting him to choose which company shall become the insurer, a long line of decisions has declared the broker to be the agent of the insured; not of the insurer.

Taylor v. Crowe, 282 A.2d 682, 683 (Pa. 1971) (citing Taylor v. Liverpool & L & G Ins. Co., 68 Pa. Super. 302, 304 (1917)). Accordingly, the Magistrate Judge reasoned that C-B was not an agent of Hartford by virtue of its actions as an insurance broker. Although C-B was permitted to solicit, quote, and provide customary insurance services, the Magistrate Judge found that these facts do not overcome the presumption that C-B was the actual agent of ACC, not Hartford. (Id. at 25). The court notes, as did the Magistrate Judge, that Pace was not bound to choose any particular insurance carrier for ACC and that Pace had a previous relationship with the primary ACC shareholders, suggesting that C-B was the agent for ACC, not Hartford. (Id. at 26). With respect to apparent authority, the court agrees with the Magistrate Judge that ACC failed to put forth sufficient evidence of an agency relationship. (Id. at 29). The Agency agreement between C-B and Hartford specifically states:
> You have the authority and power to act as our agent only to the extent expressly granted in this Agreement and no further authority or power is implied. You are an independent contractor and not an employee of ours for any purpose, and your right to represent other companies is not

2

upon further consideration of ACC's objections to the report (Doc. 51),[3] and,

following an independent review of the record,[4] the court concluding that there are

---

      restricted by this Agreement. Any authority granted hereunder to solicit,
      quote or bind insurance products on our behalf is non-exclusive, unless
      we agree otherwise in writing.

(Doc. 29-8, Ex. G, at 4). Mere use of the terms "principal" and "agent" does not create an agency relationship and, therefore, any Hartford documents referencing the term "agent" do not, *ex proprio vigore,* establish an apparent agency relationship. (Id. at 29) (internal citations omitted). The court also concurs in the Magistrate Judge's determination that agency by estoppel is inapplicable. (Id. at 31).

[3] ACC also avers that the Magistrate Judge erred in her conclusion that the time when C-B learned of ACC's need for insurance was not a material fact. (See Doc. 51). This objection is entirely dependent on ACC's unsuccessful agency argument. The details of C-B's knowledge of ACC's existence and their need for insurance is only a material fact preventing disposition of these motions for summary judgment if ACC can show that C-B acted as Hartford's agent. Thus, this objection is without merit.

[4] This matter involves cross-motions for summary judgment. To prevail on their respective motions, each movant must show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. See FED. R. CIV. P. 56. When reviewing each motion, the court must view the evidence, and all justifiable inferences to be drawn from the evidence, in the light most favorable to the non-moving party. See, e.g., Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the report's contested portions. FED. R. CIV. P. 72(b)(3). The court will review the uncontested portions of the Magistrate Judge's report for "clear error on the face of the record." See Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (quoting FED. R. CIV. P. 72(b) advisory committee's note (1983)).

no genuine disputes of material fact,[5] and that Hartford is entitled to judgment as a matter of law,[6] it is hereby ORDERED that:

---

[5] The Magistrate Judge did not err in finding that there are no genuine disputes of material fact on the issue of agency. ACC contends that since C-B, the non-moving party, presented evidence that it is Hartford's agent, "all such evidence must be construed against Hartford and in favor of finding an agency relationship." (Doc. 52 at 18, Doc. 51 at 5). C-B asserts that the Agency agreement is "evidence of the existence of an agency relationship" or at least "creates a factual question as to C-B's authority." (Doc. 50 at 23). C-B also argues that a jury could reasonably infer an agency relationship between C-B and Hartford from the fact that Hartford references "agent" in various notices and also provided C-B the right to collect premiums on the policy. (Doc. 52, at 17-18). However, "[d]enials in the form of legal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment." SEC v. Bonastia, 614 F.2d 908, 914 (3d Cir. 1980). Hartford does not dispute the facts that C-B presents to support its argument. The dispute lies instead on whether, as a matter of law, those facts are sufficient to prove agency. As the Magistrate Judge noted, "where the facts giving rise to the [agency] relationship are not in dispute, the question is one which is properly decided by the court." (Doc. 50, at 20-21, citing Breslin by Breslin v. Ridarelli, 454 A.2d 80, 82 (Pa. Super. Ct. 1982) and Juarbe v. City of Philadelphia, 431 A.2d 1073, 1076 (Pa. Super. Ct. 1981)).

[6] Summary judgment is warranted because ACC failed to show that C-B or Pace acted as an agent for Hartford. As a matter of law, C-B was the agent of ACC, not Hartford. C-B lacked express authority to bind Hartford. Although the Agency Agreement provides that C-B may "provide all usual and customary services of an insurance agent on all insurance policies you place with Hartford," this does not rebut the presumption that a broker is the agent of the insured, not the insurer. Taylor v. Crowe, 282 A.2d 682, 683 (Pa. 1971); see Doc. 50 at 25-26 (listing cases). The prior relationship between the primary ACC shareholders and C-B strengthens this presumption. See Rich Maid Kitchens, Inc. v. Pa. Lumbermens Mut. Ins. Co., 641 F. Supp. 297, 304 (E.D. Pa. 1986) aff'd, 833 F.2d 307 (3d Cir. 1987). Although ACC cites to the fact that various Hartford documents refer to C-B as "Your Hartford Agent," mere usage of the terms "principal" and "agent" do not create an agency relationship. The Agency Agreement explicitly states that C-B is "an independent contractor." (Doc. 29-8, Ex. G). Moreover, C-B did not possess apparent authority. Although C-B had the authority to collect policy premiums, that authority did not extend to the act of binding Hartford with representations regarding coverage. See Donegal Mut. Ins. Co. v. Grossman, 195 F. Supp. 2d 657, 667-69 (M.D. Pa. 2001) (citing Joyner v. Harleysville Ins. Co., 574 A.2d 664 (Pa. Super. Ct. 1990); see also Fisher v. Aetna Life Ins. & Annuity Co., 39 F. Supp. 2d 508, 513-16 (M.D. Pa. 1998) aff'd, 176 F.3d 472 (3d Cir. 1999) (holding that an

4

1. The report and recommendation (Doc. 50) of the Magistrate Judge are ADOPTED.

2. ACC Meat Company, LLC's motion for summary judgment (Doc. 30) is DENIED.

3. Hartford Casualty Insurance Company's motion for summary judgment (Doc. 27) is GRANTED.

4. The Clerk of Court is directed to DISMISS Hartford Casualty Insurance Company as a party in this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

insurance broker was not acting as an agent of the insurance company when he made misrepresentations regarding the scope of insurance coverage). ACC's assertion that the primary ACC shareholders were under the reasonable impression that C-B could secure coverage for ACC from Hartford is immaterial. The controlling test is whether the "*principal*, by words or conduct, leads people with whom the alleged agent deals to believe that the principal has granted the agent the authority he or she purports to exercise." Joyner, 574 A.2d at 667 (emphasis added). Here, other than the use of certain language in Hartford's documents, discussed and dismissed *supra*, ACC never cites any words or conduct on behalf of Hartford which could lead a reasonable person to believe that C-B had apparent authority to bind Hartford.

    Thus, Hartford is entitled to judgment as a matter of law. All that remains for disposition are ACC's third party claims against C-B.